84   439
s184s236

## Modern Woodmen of America v. Myrta Davis.

1. ESTOPPEL—*Not by Statements of Third Persons.*—In an action upon a beneficiary certificate providing that if the insured should become so far intemperate as to permanently impair his health, or to produce *delirium tremens*, the certificate should be null and void, the beneficiary is not precluded from having the cause of death inquired into by a jury, because the certificate of affidavit as to the cause of death submitted with the preliminary proofs of death were made by a physician and showed that the insured died from acute alcoholism.

2. EVIDENCE—*Statements of Third Persons in Proofs of Death.*—The statement of the attending physician of a policy holder showing that his death was caused by acute alcoholism is admissible in a suit upon the policy as part of the proofs of death, but is not conclusive upon that question.

3. QUESTION OF FACT—*Death of an Insured Person.*—The cause of death of person insured in a beneficiary association is purely one of fact for the jury.

Assumpsit, on a beneficiary certificate. Trial in the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

J. G. JOHNSON, L. A. SMYRES and F. M. GREEN & SON, attorneys for appellant.

J. L. RAY, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellee on a certificate of insurance for $2,000, issued to her by the Modern Woodmen of America upon application and membership of her husband, in the benefit fund of that organization.

It was provided in the certificate that if the holder of it (appellee's husband) should become so far intemperate as to permanently impair his health or to produce *delirium tremens* the certificate should be null and void.

The defense was interposed that appellee's husband died from the excessive use of alcoholic drinks, and upon that

issue a trial was had, resulting in a verdict and judgment in favor of appellee for $2,000.

In addition to the special plea setting up that defense, appellant filed a special plea of estoppel, showing that the proofs of death forwarded to the head clerk of the corporation, as required by the by-laws of the order, showed that appellee's husband died from acute alcoholism, and from no other cause. To the plea of estoppel the court sustained a demurrer, and that is assigned as one of the grounds for reversing the judgment.

The certificate or affidavit as to cause of death, submitted with the preliminary proofs of death, was made by a physician. Appellee was not, by reason thereof, precluded from having the cause of death inquired into by a jury. The court properly sustained a demurrer to the plea of estoppel.

When the death proofs were offered in evidence the court sustained an objection to the affidavit of John A. Hoffman, the attending physician of deceased, showing that death was produced by acute alcoholism. In this the court erred. It was part of the death proofs and should have been admitted with the rest. No harm resulted to appellant from such error, however, as Dr. Hoffman appeared as a witness in person before the jury and testified fully as to all matters contained in the affidavit.

While it was the opinion of Dr. Hoffman, as testified to by him, that appellee's husband died from alcoholism, and there was other testimony that he occasionally drank, it appears that he did not drink to such extent as to interfere with his constant application to his vocation as a barber. The testimony of appellee, and others familiar with the daily walk of deceased, fully justified the jury in finding that his death was not caused by excessive drinking. The question was purely one of fact for the jury, and we are not disposed to disturb their finding.

We see no error as to giving or refusing instructions. Judgment affirmed.

Presiding Justice WRIGHT took no part.